**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| ZANE MURDOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-01788 (RDA/WBP) |
| | ) | |
| HUEL LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, proceeding *pro se*, filed a Motion for Default ("Motion," ECF No. 9), and in response Defendant filed a Motion to Dismiss for Insufficient Service of Process, Lack of Personal Jurisdiction, and Failure to State a Claim ("Motion to Dismiss," ECF No. 12). For the reasons below, the Court DENIES Plaintiff's Motion.

I.

On June 22, 2026, Plaintiff Zane Murdock filed a Complaint against Huel Limited, a United Kingdom corporation, alleging federal trademark infringement under 15 U.S.C. § 1114, common law trademark infringement, and fraud. (ECF No. 1.) Plaintiff attempted to serve Defendant by sending Defendant a package by first-class mail. (ECF No. 8 at 5 (describing the "Detailed description of contents" as "documents").) The proof of service shows that the package was delivered "in United Kingdom of Great Britain and Northern Ireland at 8:56 am on July 2, 2026" (*id.* at 2), but it does not show whether the package reached Defendant's address, and no representative for Defendant signed for it. (*Id.*) The contents of the package are also unclear because the shipping label describes them only as "documents." (*Id.*)

On August 6, 2026, Plaintiff moved the Court to enter a default judgment against Defendant because Defendant had not responded to the Complaint. (ECF No. 9.) On August 13, 2026, Defendant's counsel filed notices of appearance (ECF Nos. 10, 11) and, the following day, filed the Motion to Dismiss. (ECF No. 12.) In its supporting memorandum, Defendant argues that Plaintiff failed to properly serve the summons and Complaint as required by the Hague Service Convention ("Hague Convention") and Federal Rule of Civil Procedure 4(f). (ECF No. 15 at 6–7.)

II.

The Hague Convention provides a simplified "way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988). "Both the United States and the United Kingdom are parties to the treaty, and it applies to all civil cases where there is an occasion to transmit a judicial document for service abroad." *Julien v. Williams*, No. 8:10-cv-2358, 2010 WL 5174535, at *1 (M.D. Fla. Dec. 15, 2010). "The primary innovation of the Convention is that it requires each state to establish a central authority to receive requests for service of documents from other countries." *Schlunk*, 486 U.S. at 698. But "[a] state also may consent to methods of service within its boundaries other than a request to its central authority." *Id.* at 699.

Article 10(a) of the Hague Convention states, "[p]rovided the State of destination does not object, the present Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad . . . ." Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art. 10(a), Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163. "[I]n cases governed by the Hague Service

Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Water Splash, Inc. v. Menon*, 581 U.S. 271, 284 (2017). The United Kingdom has not objected to Article 10(a). Hague Conf. on Priv. Int'l L., Status Table, https://perma.cc/VU24-PEPW (last visited Oct. 6, 2026). And Rule 4 permits service on a foreign corporation "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(h)(2), 4(f)(1). For purposes of the Motion, the question is whether Plaintiff properly served the summons and Complaint on Defendant under the Hague Convention and Rule 4.

III.

Plaintiff's proof of service—a cover page, a USPS tracking screenshot, and a USPS customs/shipping label—does not carry his burden of showing proper service for two reasons. *See Scott v. Md. State Dep't of Lab.*, 673 F. App'x 299, 304 (4th Cir. 2016) ("The plaintiff bears the burden of proving adequate service once a motion to dismiss for insufficient service of process has been filed pursuant to Fed. R. Civ. P. 12(b)(5).") (citing *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010)).

First, the proof of service does not specify what Plaintiff mailed. (ECF No. 8.) Under Rule 4, a summons "must be issued for each defendant to be served," Fed. R. Civ. P. 4(b), and "must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). A label describing the contents only as "documents" does not allow the Court to find that Defendant received the summons and Complaint. (ECF No. 8.)

Second, the proof of service does not show whether a representative for Defendant received the package—or even whether the package arrived at its intended destination. (*Id.*) It shows only that Plaintiff addressed the package to Defendant and that the package was delivered somewhere in the United Kingdom. (*Id.*) On this record, the Court finds that Plaintiff has not properly served the summons and Complaint on Defendant.

IV.

Even if Plaintiff had properly served Defendant, the Court would still deny the Motion. Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause." Although the Clerk has not entered default here, the same factors guide whether default is warranted. The Fourth Circuit strongly prefers that courts avoid default and decide claims and defenses on their merits. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

In evaluating a motion to set aside an entry of default, courts consider six factors: (1) the moving party's personal responsibility for the default; (2) whether the moving party acts with reasonable promptness; (3) whether the moving party has a history of dilatory action; (4) the prejudice to the non-moving party; (5) whether the moving party has meritorious defenses; and (6) the availability and effectiveness of less drastic sanctions than default judgment. *See Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). Generally, courts set aside a default under Rule 55(c) when "the moving party acts with reasonable promptness and alleges a meritorious defense." *Mullinex v. John Crane Inc.*, 636 F. Supp. 3d 622, 625 (E.D. Va. 2022) (citing *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)).

Nothing in the record suggests that Defendant is personally responsible for any delay, and Defendant acted with reasonable promptness. Defendant responded to the Motion four days after the Court entered Plaintiff's Motion on the docket. (ECF No. 12.) *See, e.g.*, *Viana v. MACCO, LLC*, No. 1:23-cv-00511 (LRV), 2023 WL 11195455, *1 (E.D. Va. July 10, 2023) (setting aside default because defendant requested relief less than two weeks after plaintiff moved for default judgment); *Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001) (granting request when defendant moved to set aside default after 33 days). Defendant's response is also its first filing, and nothing suggests that Defendant has otherwise delayed this case. *See Viana*, 2023 WL 11195455, at *1; *cf. Rodas Marroquin v. Power Enterprises, Constr. LLC*, No. 1:25-cv-01301, ECF No. 35 (E.D. Va. Apr. 11, 2026) (report and recommendation) (treating as dilatory defendants' tolling agreements meant to delay plaintiff from filing a complaint).

Defendant has also presented at least one meritorious defense. "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). Among other things, Defendant argues that (1) Plaintiff did not properly serve the Complaint, (2) Defendant is not subject to general or specific personal jurisdiction in Virginia, and (3) the Complaint fails to state a claim. (ECF No. 15.) Defendant also notes that other courts have dismissed similar suits Plaintiff filed on comparable grounds. *See, e.g.*, *Murdock v. Dowd Scheffel PLLC*, No. 2:23-cv-09348, 2024 U.S. Dist. LEXIS 81371, at *5 (C.D. Cal. May 3, 2024); *Murdock v. TCO London*, No. 2:24-cv-05411, 2024 U.S. Dist. LEXIS 214984, at *3 (C.D. Cal. Sep. 10, 2024); *Murdock v. Savile Invs. Pty. Ltd.*, No. 1:24-cv-1899, 2025 U.S. Dist. LEXIS 222632, at *2 (D.D.C. Nov. 12, 2025).

Plaintiff will suffer no prejudice if the Court denies the Motion. To assess prejudice, courts consider:

> whether the delay [caused by the default]: [1] made it impossible for the non-defaulting party to present some of its evidence; [2] made it more difficult for the non-defaulting party to proceed with trial; [3] hampered the non-defaulting party's ability to complete discovery; and [4] was used by the defaulting party to collude or commit a fraud.

*Burton v. TJX Cos.*, No. 3:07-cv-00760, 2008 WL 1944033, at *4 (E.D. Va. May 1, 2008).

No default has been entered, and nothing suggests that any delay has impaired Plaintiff's ability to present evidence, complete discovery, or proceed to trial. Nor is there evidence that Defendant used any delay to collude or commit fraud. Because Defendant has already responded to the Complaint with its Motion to Dismiss (ECF No. 12), and the district judge has not yet heard argument on that motion, Plaintiff will suffer no undue delay.

Finally, less drastic sanctions are unnecessary. Because Defendant acted with reasonable promptness and Plaintiff will not be prejudiced, sanctions would serve only to punish.

Thus, even if Plaintiff had properly served Defendant, the *Payne* factors weigh heavily in favor of denying the Motion. Defendant has shown good cause under Rule 55(c).

Accordingly, the Court DENIES Plaintiff's Motion (ECF No. 9.)

Entered this 8th day of October 2026.

William B. Porter
United States Magistrate Judge

Alexandria, Virginia